**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RICHARD CESARIN, et al., | Case No. 15-cv-06056-HSG |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| ASBESTOS CORPORATION LIMITED, et al., | Re: Dkt. No. 15 |
| Defendants. | |

Before the Court is the motion to remand filed by Plaintiffs Richard Cesarin and Donna Cesarin ("Plaintiffs"). Dkt. No. 15-18 ("Mot."). Defendant Asbestos Corporation, Ltd. ("ACL") removed this action on the grounds of diversity jurisdiction under 28 U.S.C. 1441(b). Plaintiffs argue that remand is proper because ACL removed the action outside of the one-year time limit for removal of diversity actions as prescribed by 28 U.S.C. 1446(c)(1). ACL responds that their untimeliness is excused under 28 U.S.C. § 1446(c)(1) because Plaintiffs acted in bad faith in order to prevent removal by maintaining claims against a non-diverse defendant, despite knowing that those claims were untenable. Dkt. No. 19 ("Opp."). Plaintiffs reply that the record below shows they actively prosecuted those claims in good faith. Dkt. No. 22 ("Reply").

The Court has carefully considered the parties' arguments, both in their briefs and at oral argument. For the reasons set forth below, the Court **REMANDS** this entire action to state court. The parties shall bear their own costs. The Clerk of the Court is instructed to close the file.

**I.      BACKGROUND**

This is an asbestos personal injury case. Plaintiffs filed their complaint in the Superior Court for the State of California in the County of Alameda on October 29, 2014. Dkt. No. 1 ("NOR") ¶ 1 & Ex. A. Plaintiffs named ACL, J.T. Thorpe & Sons, Inc. ("JTTS"), Crown, Cork &

Seal, Honeywell International, Inc., and Union Carbide Corporation as defendants. *Id.*

ACL removed the entire action on the grounds of diversity jurisdiction on December 24, 2015. *See* NOR ¶ 1; *see also* 28 U.S.C. § 1441(b) (diversity removal). In its removal notice, ACL acknowledges that removal is facially untimely.[1] NOR ¶ 16; *see also* 28 U.S.C. § 1446(c)(1) (one-year deadline for diversity removal). But ACL argues that removal is still proper because Plaintiffs acted in bad faith in order to prevent timely removal. NOR ¶ 17; *see also* 28 U.S.C. § 1446(c)(1) (bad faith exception). Specifically, ACL claims that Plaintiffs discovered they could not maintain their claims against JTTS, a non-diverse party, during the pendency of the removal period, but intentionally did not dismiss those claims until removal became untimely. NOR ¶ 17. As evidence, ACL asserts Plaintiffs failed to take meaningful discovery from JTTS and then dismissed JTTS from the action six weeks after the removal deadline passed. *Id.* Once JTTS was dismissed and there was complete diversity, ACL promptly removed the action. *Id.*

Plaintiffs now move to remand. They argue that they pursued their claims against JTTS in good faith at all times. By way of background, Plaintiffs explain that they sued JTTS because of discovery that Plaintiffs' counsel had acquired in previous asbestos litigation. Mot. at 3-4; Dkt. No. 15-1 ¶ 2 & Ex. A (materials purportedly showing connection between JTTS and Mr. Cesarin's asbestos exposure in the 1940s); *id.* ¶ 8 & Ex. K (Plaintiffs' interrogatory response summarizing the basis of their claims against JTTS). But, under California law, Plaintiffs needed an eyewitness to establish a nexus between Mr. Cesarin's asbestos exposure and JTTS. Mot. at 1; Opp. at 1-2.[2] Mr. Cesarin testified at deposition that he had never heard of JTTS, so he could not provide that link. Dkt. No. 15-1 ¶ 9 & Ex. M (deposition excerpts). Plaintiffs contend that they were never able to locate an eyewitness and, when JTTS prompted them about this issue shortly before dispositive motions were due, they agreed to voluntarily dismiss the claims. Mot. at 9.

In its opposition, ACL clarifies that its position is not that Plaintiffs sued JTTS in bad faith,

---

[1] ACL also argued in its removal notice that it had a tolling agreement with Plaintiffs, NOR ¶ 16, but it has apparently abandoned that argument in opposition to Plaintiffs' motion to remand.
[2] Both parties agree that California law requires some form of personal testimony establishing a nexus between an asbestos plaintiff and the defendant responsible for that exposure. *See generally Weber v. John Crane, Inc.*, 143 Cal. App. 4th 1433 (2006) (detailing the nexus requirement).

2

but that they maintained their claims against JTTS in bad faith by never pursuing an eyewitness. Opp. at 2, 9. ACL argues that Plaintiffs' counsel knew from the inception of the litigation that Mr. Cesarin did not know anything about JTTS, as evidenced by their failure to pose any questions about JTTS to Mr. Cesarin during his preservation deposition that occurred on June 12, 2015. Dkt. No. 19-1 ¶¶ 2-3 & Ex. A (deposition excerpts). Despite that glaring deficiency, Plaintiffs never demanded a single discovery response from JTTS that would help prove their claims. The only exception, ACL claims, is the interrogatories that are deemed served on each defendant with any asbestos complaint. Dkt. No. 19-1 ¶ 4 & Ex. C; Ala. Super. Ct. L.R 3.285(b). But JTTS never served any responses and, apart from sending a meet-and-confer letter that was apparently ignored, Plaintiffs never took any action to obtain those responses. *Id.* ¶ 4.

Plaintiffs argue that they never pursued formal discovery from JTTS because there was no chance that it had any additional, relevant information that they did not already have. Reply at 5. Instead, Plaintiffs relied on informal discovery conducted by private investigators to identify a possible eyewitness. *See id.* at 9 ("Unfortunately, Plaintiffs' investigators were unable to find a witness to link J.T. Thorpe's work at PABCO to Mr. Cesarin in terms of specific exposure and proximity[.]"). At oral argument, Plaintiffs reiterated that they relied on private investigators.

The Court subsequently ordered Plaintiffs to submit a supplemental declaration detailing the efforts of their private investigators to locate any evidence that would tie JTTS to Mr. Cesarin. Dkt. No. 23. Plaintiffs did so. Dkt. No. 24 ("Supp. Decl."). Plaintiffs' counsel declares under penalty of perjury that he asked his private investigator "to conduct an investigation directed at finding other [] plant workers who might have information about [JTTS] and ACL[.]" *Id.* ¶ 11. To do so, they used a directory from the 1940s that states the names of the residents in the town where Mr. Cesarin worked and their employers. *Id.* ¶ 12 & Ex. B (exemplar from the directory). Plaintiffs' counsel avers that "[b]etween May and November 2015, our investigator continued to try and locate potential coworkers who might be alive and have pertinent information." *Id.* ¶ 13. For his part, Plaintiffs' investigator, Brian Williams, declares that "[i]n Fall 2015, [he] contacted [h]is previous employer . . . on a number of occasions and spoke to some old coworkers to see what information they had in their files for [the plant at which Mr. Cesarin worked]." Dkt. No.

3

24-1 ¶ 4. They had no additional information. *Id.* "By November 2015, [he] had exhausted [his] search for living witnesses and had come up empty." *Id.* ¶ 5.

## II. LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b); *see also id.* § 1332. In general, a defendant may not remove an action on the basis of diversity jurisdiction "more than one year after the commencement of the state court action." *Id.* § 1446(c)(1); *see also Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005) (holding that "commencement" in this context refers to when the action was initiated in state court, according to state procedures). But untimely removal is warranted where "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Because "the removing defendant has always borne the burden of establishing federal jurisdiction," *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (internal quotation omitted), the defendant bears the burden of proving that the plaintiff acted in bad faith, *see id.* at 685 (where the removal statutes are silent as to burden allocation, the general rule applies).

## III. DISCUSSION

There is no dispute that ACL's removal of this diversity action was facially untimely. The only issue is whether Plaintiffs acted in bad faith to prevent removal within the statutory window.[3]

The Ninth Circuit has not yet instructed district courts how to apply the bad faith provision set forth in 28 U.S.C. § 1446(c)(1). *See In re Boston Scientific Corp.*, No. CV 15-6666, at *5 (C.D. Cal. Sept. 29, 2015) (noting the absence of Ninth Circuit authority); *NKD Diversified Elecs., Inc. v. First Mercury Ins. Co.*, No. 1:14-CV-00183, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) (same); *see also Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (the bad faith provision was added as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011). The Court has also been unable to locate any precedent from other courts in this district.

Given the temporal exigencies of this case,[4] the Court will not elucidate a general standard

---

[3] Because the Court finds that ACL did not meet its burden of showing bad faith, there is no need to reach the question of whether ACL obtained the consent of all defendants before removal.
[4] The parties stipulated to have this motion heard on a substantially expedited schedule in light of Mr. Cesarin's terminal medical condition. *See* Dkt. No. 17-1. Barring quick action, there is an

United States District Court
Northern District of California

that controls the bad faith provision. Instead, the Court makes only a summary finding that should not be used as precedent in other matters going forward. For that reason, the Court designates this order as not for citation under Civil Local Rule 7-14.

The Court finds that ACL has not met its burden of showing that Plaintiffs acted with bad faith such that the untimely exercise of federal diversity jurisdiction is warranted. It is undisputed that Plaintiffs sued JTTS in good faith based on previous discovery in other litigation, as counsel for ACL agreed during oral argument. The issue is whether there is any evidence that Plaintiffs, at some point after suing JTTS but before the end of the removal period, decided to maintain their action against JTTS solely to destroy complete diversity. The only evidence of bad faith that ACL proffers is that Plaintiffs (1) failed to take meaningful formal discovery from JTTS and (2) agreed to voluntarily dismiss JTTS from the action after the passage of the removal deadline. Unrebutted, this evidence might be sufficient to show bad faith. But the Court need not reach that question because Plaintiffs have submitted a declaration from counsel and from their private investigator averring that they continued to search for an eyewitness that could save their case against JTTS. Under the circumstances, these affirmations by counsel and the investigator regarding their efforts to obtain the key evidence they lacked suffice to defeat Defendant's bad faith claim.

## IV.  CONCLUSION

For the reasons set forth above, the Court hereby **REMANDS** this entire action back to the Superior Court of California for the County of Alameda. The parties shall bear their own costs. The Clerk of the Court is instructed to close the file.

**IT IS SO ORDERED.**

Dated: February 24, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

undisputed risk that Mr. Cesarin will not survive a trial, whether in state or federal court.